IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISIONS

| James D. Lewis (B-52327), | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 16 C 50085 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Tom Dart, et al., | ) | |
| Defendants. | ) | |

## ORDER

      Plaintiff's failure to inform the court about his accumulation of three dismissals under 28 U.S.C. § 1915(g) and his failure to provide his litigation history constitute a fraud on the court and warrant immediate dismissal. Plaintiff's failure to state a claim also warrants dismissal, *see* 28 U.S.C. § 1915A, and counts as another § 1915(g) dismissal. He is again advised that he has had at least three federal actions dismissed under § 1915(g) and that he must either prepay the filing fee or satisfy the requirements of § 1915(g) before proceeding with another case in federal court. He must also inform courts that he has accumulated at least three § 1915(g) dismissals. Although the current case cannot proceed, plaintiff is still responsible for its filing fee, and the clerk is directed to send a copy of this order to trust fund officials at Dixon Correctional Center so that the filing fee for this case can be added to plaintiff's other filing fee obligations. Trust fund officials at Dixon are authorized to collect monthly payments from plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of this Court each time the amount in the account exceeds $10 until the full $400.00 filing fee for this case is paid. Civil case terminated.

## STATEMENT

      Plaintiff James Lewis, an Illinois prisoner currently incarcerated at Dixon Correctional Center, has submitted another 42 U.S.C. § 1983 civil rights action. According to the Public Access to Courts Electronic Records ("PACER") website, plaintiff has filed at least 20 suits in federal court. The current complaint lists as Defendants: the United States of America, several Illinois counties, Illinois state court judges, unknown investigators, and Cook County Sheriff Tom Dart. Plaintiff states that there is a conspiracy preventing him from talking to the Federal Bureau of Investigations ("FBI"), that he is incarcerated because of the conspiracy, and that he has become suicidal. Plaintiff's allegations provide little to no information as to each defendant's role. Nor do his allegations seem plausible. His complaint thus does not satisfy the federal notice pleading requirement of Fed. R. Civ. P. 8(a)(2). *See DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011) (at a minimum, a complaint must provide sufficient notice of plausible claims and the grounds upon which those claims are based; it cannot "rely on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action"), citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's complaint thus warrants dismissal under the court's 28 U.S.C. § 1915A review.

Additionally, this case must be immediately dismissed based on the fact that plaintiff has accumulated three dismissals under 28 U.S.C. § 1915(g) but failed to inform the court of this information.  *See Lewis v. Dart*, No. 10-cv-4247 (N.D. Ill. July 22, 2010) (dismissing complaint for failure to state a claim); *Lewis v. Alvarez*, No. 10-cv-4540 (N.D. Ill. July 29, 2010) (same); *Lewis v. Unknown Party*, No. 13 C 1339 (S.D. Ill. Jan. 22, 2014) (same); *Lewis v. State of Illinois*, 12-cv-1023 (N.D. Ill. June 27, 2012) (same, and plaintiff was notified he accumulated three strikes); *see also Lewis v. Godinez*, 13-cv-1439 (C.D. Ill. Oct. 21, 2013) (plaintiff was admonished that he had to inform courts he had at least three § 1915(g) dismissals).

Despite being advised of the requirement to notify federal courts about his accumulation of three § 1915(g) dismissals, plaintiff filed this suit without providing this information.  In fact, no information is provided about his prior cases.  A litigant's failure to inform that he has received at least three dismissals under § 1915(g) is considered a fraud on the court which warrants "immediate termination of the suit."  *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).  Also, a litigant's failure give a complete litigation history as instructed in the court's form complaint constitutes a fraud on the court warranting dismissal.  *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011).  Plaintiff's case is thus dismissed with prejudice.  He is again advised that he must disclose his litigation history and accumulation of at least three § 1915(g) dismissals.

Accordingly, for the above stated reasons, the complaint is dismissed with prejudice.  This case is closed.  If plaintiff wishes to appeal the dismissal of this case, he must file a notice of appeal with this court within thirty days of the entry of this order.  *See* Fed. R. App. P. 4(a)(1).  If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome.  *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998).  Also, if the appeal is found to be non-meritorious, it could be considered as another dismissal under § 1915(g).  If plaintiff seeks to proceed *in forma pauperis* on appeal, he must file in this court another application seeking leave to proceed *in forma pauperis* and provide the grounds for his appeal.  *See* Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a).

Date: 4/29/2016                    ENTER:

/s/ Philip G. Reinhard
_____
United States District Court Judge

Notices mailed by Judicial Staff. (IK)